# IN THE UNITED STATES DISTRCIT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LORI BROWN, individually
and on behalf of similarly situated persons,

      Plaintiff,

v.

ASSET ACCEPTANCE, LLC,

      Defendant.
_____/

Case No. 17-cv-795

JURY DEMANDED

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Lori Brown brings this action individually and on behalf of a similarly situated persons against Defendant Asset Acceptance, LLC, for violating the Fair Debt Collection Practices Act, ("FDCPA") and mirror state law, the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251, et seq., ("MRCPA"), in attempting to collect a debt using an envelope that published that Plaintiff is a "judgment debtor" in violation of 15 U.S.C. §1692f(8) that only permits the printing of the "debt collector's address" on the envelope and violates M.C.L. § 445.252(m) as it "bring[s] to public notice that the consumer is a debtor[.]"

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA), and has jurisdiction over Plaintiff's supplemental state law claim, 28 U.S.C. § 1367(a).

3. Venue and personal jurisdiction over Defendant in this District is proper because:

a. Plaintiff is a resident of Ionia County, Michigan which is located in the District; and

b. Defendant's conduct at issue was directed to Plaintiff within the District.

**PARTIES**

4. Plaintiff is a natural person who resides in Ionia County, Michigan.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

6. Asset Acceptance LLC is a Delaware limited liability company, with at least one office located in the State of Michigan. Its registered agent in the State of Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

7. Defendants are a "creditor" as defined by 15 U.S.C. § 1692a(4).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in regard to Plaintiff and the putative class.

9. Asset Acceptance is a "regulated person" under M.C.L. § 445.251(g).

**FACTS**

10. On information and belief, the subject debt is a "debt" as defined in 15 U.S.C. § 1692a(5) as Asset Acceptance is in the business of purchasing charged off consumer debt. http://www.assetacceptance.com/about/History.html ("On June 13, 2013, Encore Capital Group (NASDAQ:ECPG) closed its acquisition of Asset Acceptance Capital Corp. All operating subsidiaries of Asset Acceptance are now part of Encore Capital Group. Combined, Encore and Asset Acceptance have purchased over 60 million individual consumer accounts, including credit card, telecommunications, consumer loans and other related assets, with a face value of over $130 billion.") (last visited August 29, 2017).

11. Exhibit A, which is redacted, (the "subject envelope") was sent by Asset Acceptance, or on Asset Acceptance's behalf and direction.

12. Exhibit A while noting that the contents of the letter are **"PERSONAL AND CONFIDENTIAL"** also identified through the envelope's glassine window that the recipient is a "judgment debtor".

13. Exhibit B is the document that was inside the subject envelope, Exhibit A.

14. The subject envelope would have, on information and belief, been visible to persons other than Plaintiff and Defendant, its employees or third party vendors though at a minimum the process of sending and delivering the subject envelope to Plaintiff via the US Mail.

**COUNT I**

15. Plaintiff incorporates paragraphs 1-14 above herein.

16. Congress in enacting the FDCPA sought to protect consumers from among other acts, the prohibitions of a debtor's personal affairs to third persons, and therefore the Act was not merely procedural, but substantive and of great importance.

17. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

18. 15 U.S.C. § 1692f(8) provides:

> (8) Using *any language* or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

19. Making visible the phrase "Judgment Debtor" is the use of any language on any envelope "other than the debt collector's address".

20. "The purpose of this specific provision [1692f(8)] is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents

pertain to debt collection." *Rutyna v. Collection Accounts Terminal, Inc*., 478 F. Supp. 980, 982 (N.D. Ill. 1979); see generally S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698-99.

21. Plaintiff has the legal substantive right to not having disclosed via an envelope that she is a debtor.

22. Plaintiff has the legal substantive right to privacy interests.

23. Plaintiff's right to privacy and seclusion have been violated.

24. Defendant's conduct violated 15 U.S.C § 1692f(8), which provides:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

25. 15 U.S.C. § 1692f(8) is violated when the language alleged to violate the subsection is visible through a glassine window of the envelope. *E.g. Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3d Cir. 2014).

26. Defendant's conduct violated M.C.L. § 445.252(m) as it "bring[s] to public notice that the consumer is a debtor[.]"

## CLASS ACTION

27. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

28. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

29. On information and belief there are more than 40 persons similarly situated to Plaintiff from whom within one year of the filing of this Complaint, and persons whose statute of limitations on their claims has been tolled, received a subject envelope indicating the recipient was a "judgment debtor" like the one received by Plaintiff.

30. There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

31. The predominate questions are whether an envelope displaying that the recipient is a "judgment debtor" violates the FDCPA and the MRCPA.

32. Plaintiff will fairly and adequately protect the interests of a class.

33. Plaintiff has retained Curtis C. Warner, who is counsel experienced in handling class actions and claims involving unlawful business practices.

34. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

35. Such class actions brought under 15 U.S.C. § 1692f(8) can be certified. *E.g. Ebner v. Merchs. & Med. Credit Corp.,* 2017 U.S. Dist. LEXIS 41575, 2017 WL 1079966 (E.D. Pa. Mar. 22, 2017).

WHEREFORE, Plaintiff requests that the Court to enter an order that this matter may proceed as a class action, appoint Plaintiff as the class representative and enter any incentive award deemed reasonable by the Court for Plaintiff's services as the class representative, find Defendants each to have violated the FDCPA and MRCPA enter a judgment in favor of Plaintiff and a certified class for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA and the MRCPA, and for treble damages under the MRCPA if Defendant's conduct was willful.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |